1

Hon. Marsha J. Pechman

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
8                      AT SEATTLE

9    PATRICK CALLIARI, individually and
     as Representative of the Former
10   Shareholders of GCI Investments Inc., a      No. 2:08-CV-1111-MJP
     Washington corporation,                      (Consolidated with 2:08-CV-1112MJP)
11
                           Plaintiff,             DEFENDANT SARGENTO FOODS,
12                                                INC.'S COUNTERCLAIM

13                 v.                             JURY DEMAND

     SARGENTO FOODS, INC.,
14
                           Defendant/
15                         Counterclaim
                           Plaintiff,
16                 v.

17   PATRICK C. CALLIARI, FLORA
     DAMASIO, ANTOINNE IOANNIDES,
18   ANDREAS IOANNIDES, GAYLE K.
     GOODRICH, GILLIAN OLSON,
19   RICHARD J. OLSON, and BETTY
     CROUSE,
20
                           Counterclaim
21                         Defendants.

22
          Defendant/Counterclaim Defendant Sargento Foods Inc., by and through its
23
     attorneys, McNaul Ebel Nawrot & Helgren PLLC, alleges as follows:
24
                                    I.  PARTIES
25
          1.      Sargento Foods, Inc. ("Sargento") is a Wisconsin corporation with its
26
     headquarters and principal place of business in Plymouth, Wisconsin.  Sargento is a

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 1

national packager and marketer of cheese products, non-cheese snack food items, and ethnic sauces.

2.      Upon information and belief, Plaintiff and Counterclaim Defendant Patrick C. Calliari ("Calliari") is an adult resident of Kirkland, Washington.

3.      Upon information and belief, Counterclaim Defendant Flora Damasio is an adult resident of Kirkland, Washington.

4.      Upon information and belief, Counterclaim Defendant Antionne Ioannides is an adult resident of Verrieres le Buisson, France.

5.      Upon information and belief, Counterclaim Defendant Andreas Ioannides is an adult resident of Athens, Greece.

6.      Upon information and belief, Counterclaim Defendant Gayle K. Goodrich is an adult resident of North Vancouver, B.C., Canada.

7.      Upon information and belief, Counterclaim Defendant Gillian Olson is an adult resident of Vancouver, B.C., Canada.

8.      Upon information and belief, Counterclaim Defendant Richard J. Olson is an adult resident of Vancouver, B.C., Canada.

9.      Upon information and belief, Counterclaim Defendant Betty Crouse is an adult resident of Vancouver, Washington.

## II.  JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states or citizens of foreign states and the amount in controversy exceeds $75,000, exclusive of interest or costs.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) or (a)(3) and (d) because all of the Counterclaim Defendants that reside in the United States are residents of this District, and thus subject to personal jurisdiction, and the remaining Counterclaim Defendants are citizens of foreign states.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 2

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

### III.  FACTS

12.  On April 30, 2007, Sargento purchased all of the stock of GCI Investments, Inc. ("GCI"), the parent company of Portionables, Inc. ("Portionables").  Portionables manufactures frozen sauce pellets.

13.  Calliari, Flora Damasio, Antionne Ioannides, Andreas Ioannides, Gayle K. Goodrich, Gillian Olson, Richard J. Olson, and Betty Crouse (collectively, "the Shareholders"), were the shareholders of GCI.  Calliari agreed to serve as the Shareholders' Representative for Sargento's purchase of GCI.

14.  Sargento, GCI, and the Shareholders entered into a Stock Purchase Agreement on April 30, 2007, in order to effect Sargento's purchase of GCI.

15.  In Articles II and III of the Stock Purchase Agreement, GCI made a number representations and warranties.

16.  The Shareholders agreed, in Section 7.2 of the Stock Purchase Agreement, to indemnify Sargento for any breaches of the representations and warranties GCI and they made in the Stock Purchase Agreement.

17.  Certain of the representations and warranties that the Shareholders and/or GCI made in the Stock Purchase Agreement were false.  For example, it was represented and warranted that GCI and Portionables were in compliance with applicable laws and that the equipment used by Portionables at its manufacturing facilities was adequate for the purposes to which it was being put.  However, Portionables was manufacturing products at one of its facilities that, under applicable law, required a license that the facility did not have and had never attempted to obtain.

18.  Additionally, Calliari made false statements concerning the capacity of a Portionables facility to produce product and the Shareholders are liable for the resulting breach of applicable representations and warranties.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 3

19.     Sargento will be required to expend substantial time and resources to retrofit Portionables' South Dakota facility in order to bring it into compliance with applicable laws and permit it to manufacture its product lines, and to produce product at the volumes represented.

20.     GCI and/or the Shareholders also failed to disclose, again in violation of the representations and warranties, that Portionables had liability for products containing ingredients supplied by Portionables that were subsequently recalled.  These recalls have resulted in claims against Portionables, including claims that are the subject of litigation that is currently pending against Portionables in New Jersey.

21.     Although Sargento has provided appropriate notice to the Shareholders of the relevant breaches of the representations and warranties, the Shareholders have refused to indemnify Sargento as required by the Stock Purchase Agreement.

22.     In connection with Sargento's purchase of GCI, Sargento and Calliari entered into an Employment Agreement.

23.     That agreement required Calliari to work for Sargento from April 30, 2007, until December 31, 2012, unless his employment was extended or terminated under the terms of the Agreement.

24.     Sargento provided Calliari with a signing and retention bonus in connection with this Agreement and paid him a salary.

25.     The Agreement permits Calliari to terminate his employment for good reason.  Calliari terminated his employment, claiming it was for good reason, but in fact, Calliari did not have good reason to terminate his employment.

26.     By terminating his employment before December 31, 2012, without good reason, Calliari breached the Employment Agreement.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 4

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

27.     During the course of his employment with Sargento, Calliari used company funds to pay for extravagant personal expenses, including entertainment, travel, electronics, and other items.

28.     Calliari likewise took company property with him when he terminated his employment with Sargento and has refused to return it.

## IV.  FIRST CAUSE OF ACTION:
## BREACH OF CONTRACT

29.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 28 above.

30.     Contrary to the representations and warranties for which the Shareholders were responsible, one of the Portionables facilities was in violation of applicable law by producing products without a required license.  As a result, the plant equipment was not adequate for the uses to which it was put and Sargento will be required to expend substantial time and resources to retrofit the facility and bring it into compliance with applicable laws and regulations.

31.     Contrary to the representations and warranties for which the Shareholders were responsible, it was not disclosed that Portionables did not have the capacity necessary to meet projected sales to its customers, and as a result, Sargento will be required to expend substantial time and resources to retrofit Portionables facilities to allow it to produce the volume of product represented.

32.     Contrary to the representations and warranties for which the Shareholders were responsible, the Shareholders failed to disclose a material liability, obligation, or claim relating to defective products claims and resultant litigation described above. Sargento has been and will continue to be required to expend its time and resources to defend these claims, and may be required to pay a judgment entered against it.

33.     Sargento notified the Shareholders of these claims, but they have refused to indemnify Sargento.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 5

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## V.  SECOND CAUSE OF ACTION:
### PROMISSORY ESTOPPEL

34.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 33 above.

35.     The Shareholders made or indemnified Sargento for a number of promises to Sargento regarding GCI and Portionables as described in Paragraphs 15–20 above.

36.     The Shareholders knew or reasonably should have known that Sargento would rely on these promises.

37.     In reasonable reliance on these promises, Sargento entered into the Stock Purchase Agreement with the Shareholders and suffered damages.

38.     It would be unjust to permit the Shareholders to avoid their obligations related to the breach of these promises to Sargento.

## VI.  THIRD CAUSE OF ACTION:
### MISREPRESENTATION

39.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 38 above.

40.     The Shareholders made or indemnified Sargento for various representations about GCI and Portionables as described in Paragraphs 15–20 above.

41.     These representations were material to Sargento's decision to enter the Stock Purchase Agreement.

42.     The Shareholders knew or reasonably should have known that the representations were false.

43.     The Shareholders intended Sargento to act on the representations in proceeding with the Stock Purchase Agreement.

44.     Sargento was unaware of the falsity of the representations, and, in reasonable reliance on those representations, Sargento entered into the Stock Purchase Agreement.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 6

45.     As a result, Sargento has suffered damages including the time and resources to retrofit the Portionables facilities in order to bring them into compliance with applicable laws and permit it to manufacture its product lines, and to produce product at the volumes represented, the time and resources required to defend the product claims, and any sums that Sargento may be required to pay if a judgment is entered against it.

### VII.  FOURTH CAUSE OF ACTION:
### DECLARATORY JUDGMENT

46.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 45 above.

47.     Calliari did not have good reason to terminate his employment under the Employment Agreement between Calliari and Sargento.

48.     A justiciable controversy exists between Sargento and Calliari as to whether Calliari properly terminated his employment for good reason under the Employment Agreement.

49.     This controversy is ripe for determination and Sargento seeks a declaration that Calliari did not have good reason to terminate his employment under the Employment Agreement.

### VIII.  FIFTH CAUSE OF ACTION:
### BREACH OF EMPLOYMENT AGREEMENT BY CALLIARI

50.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 49 above.

51.     Calliari was obligated under the Employment Agreement to work for Sargento until December 31, 2012, unless the parties extended or terminated his employment under the terms of the Agreement.

52.     Among other things, Sargento paid Calliari a signing and retention bonus as consideration for the Employment Agreement.  Sargento also paid Calliari a salary.

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 7

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

53.     Calliari terminated his employment before December 31, 2012, without good cause under the Employment Agreement, and thereby breached his obligations under that Agreement.

54.     Additionally, Calliari failed to provide services he promised to provide to Sargento.

55.     As a result, Sargento has suffered damages, including the signing and retention bonus paid to Calliari and unearned salary paid to Calliari.

## IX.  SIXTH CAUSE OF ACTION:
## CONVERSION BY CALLIARI

56.     Sargento realleges and incorporates by reference its allegations in Paragraphs 1 through 55 above.

57.     Sargento had a property interest in the property Calliari retained when he terminated his employment.

58.     Calliari wrongfully received company funds that he used to pay for personal expenses during the course of his employment.

59.     By taking company property and using company funds for personal expenses, Calliari has willfully interfered with Sargento's right to the use and enjoyment of its property.

60.     As a result, Sargento has suffered damages, including the costs of Calliari's personal expenses incurred by Sargento and the value of the property Calliari has taken from Sargento.

## X.  PRAYER FOR RELIEF

WHEREFORE, defendant Sargento seeks the following relief against the Counterclaim Defendants:

A.     For a judgment in favor of Sargento and against the Shareholders for damages in an amount to be determined at trial for the Shareholders' breach of the Stock Purchase Agreement, including all costs, attorneys fees, and disbursements in this action;

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 8

1

      B.     For a judgment in favor of Sargento and against the Shareholders for

2

damages in an amount to be determined at trial for Sargento's promissory estoppel claim,

3

including all costs, attorneys fees, and disbursements in this action;

4

      C.     For a judgment in favor of Sargento and against the Shareholders for

5

damages in an amount to be determined at trial for Sargento's misrepresentation claim,

6

including all costs, attorneys fees, and disbursements in this action;

7

      D.     For a declaration that Calliari did not have good reason to terminate his

8

employment under the Employment Agreement;

9

      E.     For a judgment in favor of Sargento and against Calliari for damages in an

10

amount to be determined at trial for Calliari's breach of the Employment Agreement,

11

including all costs, attorneys fees, and disbursements in this action;

12

      F.     For a judgment in favor of Sargento and Against Calliari for damages in an

13

amount to be determined at trial for Calliari's conversion of company property and funds,

14

including all costs, attorneys fees, and disbursements in this action; and,

15

      G.     For such other and further relief as the Court deems just and equitable.

16

DATED this 30th day of January, 2009.

17

                     McNAUL EBEL NAWROT & HELGREN PLLC

18

                     By:  s/ Robert M .Sulkin

19

                           Robert M. Sulkin, WSBA No. 15425
                           Malaika M. Eaton, WSBA No. 32837

20

                     600 University Street, Suite 2700

21

                     Seattle, Washington  98101
                     Telephone (206) 467-1816

22

                     Facsimile (206) 624-5128
                     rsulkin@mcnaul.com

23

                     meaton@mcnaul.com

24

                     Attorneys for Defendant/Counterclaim Plaintiff
                     Sargento Foods, Inc.

25

26

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 9

1

<u>CERTIFICATE OF SERVICE</u>

2

I certify that on January 30, 2009, I electronically filed the foregoing Defendant's Counterclaims with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

3

4

<u>Attorneys for Plaintiff/Counterclaim</u>
<u>Defendant Patrick Calliari</u>

5

6

Jeffrey S. Miller
Timothy J. Filer
Stacey A. Fitzpatrick
Foster Pepper, PLLC
1111 Third Avenue, Suite 3400
Seattle, Washington 98101-3299
milje@foster.com
filet@foster.com
fitzs@foster.com

7

8

9

10

DATED this 30th day of January, 2009.

11

12

By: /s/ Robert M. Sulkin
Robert M. Sulkin, WSBA No. 15425

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT SARGENTO FOODS, INC.'S
COUNTERCLAIMS (No. 2:08-CV-1111-MJP) – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

2429-001 va223603.003 1/30/09