# EXHIBIT 7

```
                                                                          Page 1
 1                    UNITED STATES DISTRICT COURT
 2                   WESTERN DISTRICT OF WASHINGTON
 3                             AT SEATTLE
    _____

 4   PATRICK CALLIARI, individually   )
     and as Representative of the     )
 5   Former Shareholders of GCI       )
     Investments Inc., a Washington   )
 6   corporation,                     )
                                      )
 7             Plaintiffs,            )
                                      )
 8        vs.                         ) No. 2:08-CV-111MJP
                                      ) (Consolidated with
 9   SARGENTO FOODS INC.,             )  2:08-CV-1112MJP)
                                      )
10             Defendant/             )
               Counterclaim           )
11             Plaintiff,             )
          vs.                         )
12                                    )
     PATRICK C. CALLIARI, FLORA       )
13   DAMASIO, ANTOINNE IOANNIDES,     )
     ANDREAS IOANNIDES, GAYLE K.      )
14   GOODRICH, GILLIAN OLSON, RICHARD )
     J. OLSON, and BETTY CROUSE,      )
15                                    )
               Counterclaim           )
16             Defendants.            )
17  _____

18           VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION
19                                OF
20                         PATRICK CALLIARI
21  _____
                       Taken at 600 Union Street
22                        Seattle, Washington
23
24  DATE TAKEN:   JUNE 30, 2009
25  REPORTED BY:  LISA BUELL, RPR, CRR, CCR 2204
```

```
 1                SEATTLE, WASHINGTON; JUNE 30, 2009
 2                            9:14 A.M.
 3
 4
 5          THE VIDEOGRAPHER:  This is the deposition of Patrick
 6   Calliari in the matter of Calliari, et al. versus Sargento,
 7   Cause No. 2:08-CV-1111 MJP in the United States District Court,
 8   Western District of Washington at Seattle and was noticed by
 9   Bob Sulkin.
10          The time now is approximately 9:13 a.m. on this 30th
11   day of June 2009, and we are convening at 600 University
12   Street, Suite No. 2700, in Seattle, Washington.
13          My name is Brook Young from Buell Realtime
14   Reporting, LLC, located at 1411 Fourth Avenue, Suite No. 820,
15   in Seattle, Washington 98101.
16          Starting on my left, will counsel and all present
17   please identify themselves for the record.
18          MR. SULKIN:  I am Bob Sulkin, representing Sargento.
19          MR. LINEHAN:  David Linehan, also for Sargento.
20          MR. GORDY:  Mike Gordy with Sargento.
21          MR. McEVOY:  Mike McEvoy with Sargento.
22          MR. MILLER:  Jeffrey Miller on behalf of Patrick
23   Calliari.
24          MR. GOLDFARB:  I'm Mike Goldfarb on behalf of
25   Mr. Calliari.
```

Page 122

1    Q.   Let's take a look at a document dated May 23rd, 2008,
2    from the Foster Pepper firm and Mr. Miller to Mr. Henkle,
3    marked as Exhibit 18.
4                (Exhibit No. 18 marked.)
5    BY MR. SULKIN:
6         Q.   And you've seen this document before?
7         A.   Yes.
8         Q.   And this letter sets forth the reasons for your
9    resignation?
10        A.   Yes.
11        Q.   And I take it your lawyer did a good job in getting
12   them all down.  Fair enough?
13             MR. GOLDFARB:  Object to the form.
14   BY MR. SULKIN:
15        Q.   Well, I'm asking you -- I mean -- well, let me ask you
16   this way:  After you read it, did you call -- without
17   disclosing anything, did you believe he missed something?
18             MR. GOLDFARB:  Object to the form.
19   BY MR. SULKIN:
20        Q.   I don't mean this to be a trick question.  I just want
21   to confirm that after you received the copy of this letter from
22   Foster Pepper, did you think he missed a reason for your
23   resignation that needed to be added, or did you think he got it
24   all down here?
25             MR. GOLDFARB:  Same objection.

1   A.   I don't know if he got it all down here.  I thought at
2   the time, it was okay.
3   BY MR. SULKIN:
4   Q.   Okay.  Between then and today, can you think of any
5   other reasons that aren't in here?
6        MR. GOLDFARB:  Object to the form.  He's given you
7   earlier in this deposition a list.
8        MR. SULKIN:  I'm willing to live with that.  I
9   don't --
10       MR. GOLDFARB:  And I don't --
11       MR. SULKIN:  Let's take it back.  Let me do it this
12  way.
13  BY MR. SULKIN:
14  Q.   Other than the issues in this letter and the things
15  you added earlier today --
16  A.   Yes.
17  Q.   -- okay.  As you sit here today, I take it there are
18  no -- you've given me all the reasons you have for your
19  leaving?
20  A.   Yes.
21  Q.   Okay.
22       MR. GOLDFARB:  Excuse me.  Can I hear that last
23  question and answer back?
24            (Question and answer read back.)
25  BY MR. SULKIN:

1    Q.   Sir, let me ask you this:  It's true that you did
2  engage in a mediation with Sargento?
3    A.   Yes.
4    Q.   And you and Sargento were unable to resolve the
5  dispute through mediation?
6    A.   Yes.
7    Q.   And that the mediator issued a ruling or mediator's
8  recommendation?
9    A.   I saw a report, yes.
10   Q.   And you understood that he ruled against your
11 position?
12       MR. GOLDFARB:  Object to the form of the question and
13 ask, in aid of the objection, what exactly the relevance of
14 that is to this inquiry.
15       MR. SULKIN:  Well, I mean, I don't know that relevance
16 is a proper objection.  I'm not going to go any further with
17 it.
18       MR. GOLDFARB:  Well, the mediation is a settlement
19 process.  There is a document, which we're both aware of, that
20 says what it says.
21       MR. SULKIN:  That's all I'm asking about.  Does he
22 know what the document says.  I'm not going any further.  I'm
23 not asking what was said in the mediation, but that's a public
24 document that was sent out.
25           Let's do this, Mike.  He can answer the question,

1  and you have your objections, and you're not waiving any of
2  your objections.  You know, we'll go from there, but I don't
3  want to have a fight and call him back, and we can deal with it
4  later.  Fair enough?
5           MR. GOLDFARB:  So far.
6  BY MR. SULKIN:
7     Q.   All right.  You understood that the mediator ruled
8  against you or found against you?
9     A.   Yes.
10    Q.   Okay.
11         While you were at Sargento and signing the
12 agreement, you -- the company made certain representations and
13 warranties; is that fair?
14    A.   Is that a question?
15    Q.   Well, let's go to just Section 2 of Exhibit No. 1.
16 It's on page 5.  You recall -- you can flip through.  I'm not
17 going to go through all of them -- but the company made certain
18 representations and warranties, which begin in Article 2 on
19 page 5.  Do you see that?
20    A.   Yes.
21    Q.   And if we go to Section 2.5, do you see the warranty
22 that's made there?  Why don't you take a second and read that.
23    A.   (Witness reviews document.)
24    Q.   Just 2.5 (a), let's start there.  The company
25 represented and warranted in 2.5 (a), "Except as set forth in

```
 1   is 2:54 p.m.
 2                    (A break was taken from
 3                     2:54 p.m. to 2:57 p.m.)
 4       THE VIDEOGRAPHER:  Going back on the record.  The time
 5   now is approximately 2:57 p.m.
 6       MR. SULKIN:  Mr. Calliari, I appreciate your coming in
 7   today.  I have no further questions, subject to, you know, more
 8   documents are found and produced, obviously I want the right to
 9   call you back, but we can talk about that at a later date.
10       MR. GOLDFARB:  Thank you.  We'll reserve signature.
11       MR. SULKIN:  Thanks.
12       MR. GOLDFARB:  Thanks, Bob.
13       THE VIDEOGRAPHER:  This concludes the deposition of
14   Patrick Calliari.  The time now is approximately 2:58 p.m.
15   This is the end of Tape No. 3.
16                    (Deposition concluded at 2:58 p.m.)
17
18                    (By agreement between counsel and
19                     the witness, signature was
20                     reserved.)
21
22
23
24
25
```

Page 157

1                    C E R T I F I C A T E

2

3    STATE OF WASHINGTON

4    COUNTY OF KING

5

6         I, Lisa Buell, a Certified Shorthand Reporter and Notary

7    Public in and for the State of Washington, do hereby certify

8    that the foregoing transcript of the deposition of PATRICK

9    CALLIARI, having been duly sworn, on JUNE 30, 2009, is true and

10   accurate to the best of my knowledge, skill and ability.

11        IN WITNESS WHEREOF, I have hereunto set my hand and seal

12   this 8th day of July, 2009.

13

14

15

16

17

18

19

20                          LISA BUELL, RPR, CRR, CCR

21

22   My commission expires:

23   DECEMBER 2010

24

25