UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK CALLIARI,

                Plaintiff,

    v.

SARGENTO FOODS, INC.,

    Defendant/Counterclaim Plaintiff,

    v.

PATRICK CALLIARI, et al.,

                Counterclaim Defendants.

Case No. C08-1111MJP
(Consolidated with C08-1112MJP)

**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION**

This matter comes before the Court on Defendant Sargento's motion to compel arbitration. (Dkt. No. 85.) The Court has reviewed the motion, Plaintiff's response (Dkt. No. 101), Defendant's reply (Dkt. No. 107), the documents submitted in support thereof, and all other pertinent documents in the record. On November 25, 2009, the Court indicated it would reserve ruling on Defendant's motion until trial was complete. The Court now GRANTS IN PART Defendant's motion.

ORDER-1

**Background**

The Court and the parties are familiar with the facts of this matter. Accordingly, the Court limits its factual recitation to the provisions of the Stock Purchase Agreement ("SPA") at issue in the present motion.[1]

Section 1.5(c) of the SPA describes the procedure for finalizing the amount of the contingent payment. (Linehan Decl., Ex. A (hereafter "SPA").) First, Sargento had to present its calculation "together with supporting financial information" to the Shareholders no later than seventy-five (75) days after December 28, 2008. Upon receipt, the Shareholders had thirty days to submit a written statement describing any disputes with Sargento's calculation. (SPA § 1.5(c) ("Contingent Payment Dispute Notice").) The parties then had ten days to resolve the matter internally before the SPA required them to "mutually select a nationally recognized accounted firm with which neither party has any affiliation (the "Arbitrating Accountant") to resolve any" remaining disputes. (Id.) The portion of the provision describing the Arbitrating Accountant is relatively brief:

> . . . If issues in dispute are submitted to the Arbitrating Accountants for resolution, each party will furnish to the Arbitrating Accountants such work papers and other documents and information related to the disputed issues as the Arbitrating Accountants may request and are available to that party or its affiliates (or its independent public accountants), and will be afforded the opportunity to present to the Arbitrating Accountants any material relating to the determination and to discuss the determination with the Arbitrating Accountants. Upon submission to the Arbitrating Accountant for resolution, the Purchaser and the Shareholders' Representative shall indicate in writing their position on each disputed matter and each such party's determination of the amount of the Contingent Payment. The Arbitrating Accountant shall make a written determination on each disputed matter and such determination shall be conclusive and binding upon the Purchaser and the Shareholders with respect to the disputed matter.

---

[1] The Court provided a summary of the facts in its Order on the parties' motions for summary judgment. (Dkt. No. 94.)

ORDER-2

(Id.)

On March 13, 2009, Sargento provided its Contingent Payment Report to the Shareholders and, after the parties agreed to extend the dispute deadline, the Shareholders submitted a Contingent Payment Dispute Notice on May 8, 2009. (Linehan Decl., Ex. E.) After the Shareholders apparently requested documentation to evaluate Sargento's calculation, Sargento indicated it wished to proceed with the selection of an arbitrator. (Id., Ex. F.)

Sargento spends some time describing the extensive negotiations between the parties regarding the selection of the Arbitrating Accountant. (See Dkt. No. 85 at 5-6.) For the purposes of this motion, it suffices to state that on August 27, 2009, the parties settled on Greg Wolski of Ernst & Young. (Linehan Decl., Ex. R.) The parties have not, however, signed an engagement letter with Mr. Wolski because they have been disputing the terms of the arbitration. Under a proposal presented by Mr. Wolski, the parties would submit arguments and he would decide when to begin arbitration. (Id., Ex. M.) The Shareholders proposed an amendment to the engagement letter. (Id., Ex. Q.) In their response, the Shareholders assert that Sargento is at fault for failing to engage in the further discussions with Mr. Wolski about the schedule for arbitration. (Dkt. No. 101 at 12.)

Over a year ago, the Court denied Sargento's first motion to compel arbitration. (Dkt. No. 20.) In that Order, the Court held that the arbitration clause in the SPA was not so broad as to "require arbitration of all disputes." (Id. at 4.) Because Sargento had requested the Court compel arbitration on all issues, the Court denied the motion.

**Discussion**

Under the Federal Arbitration Act, 9 U.S.C. § 4, the Court may direct contracting parties to "proceed [to arbitration] in the manner provided for in such agreement." In order to submit the matter to arbitration without a trial, the Court must be "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." Id. If the parties delay in naming an arbitrator, the Court may appoint one. 9 U.S.C. § 5. Under § 4, the Court must issue an order compelling arbitration if (1) a valid agreement to arbitrate exists and (2) the agreement "encompasses the dispute at issue." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 766 (9th Cir. 2002). A party can only be compelled to arbitrate "those issues it specifically has agreed to submit to arbitration." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 945 (1995).

Sargento seeks an order "directing the parties to proceed immediately to arbitration and compelling the Shareholders to sign the engagement letter" as presented. (Dkt. No. 85 at 11.) Sargento further asks the Court to "declare that Mr. Wolski has full authority to determine all aspects of the arbitration procedure, including the state date, the duration, the format of submissions and presentation of evidence, and all other matters related to discovery and scheduling." (Id. at 13.) Sargento's requests relief beyond the scope the arbitration clause. Both parties agree that the SPA requires an arbitrator to resolve the dispute over the Earnout, but Sargento cannot point to a provision of the SPA that requires arbitration on the terms Mr. Wolski initially proposed. (SPA § 1.5(c); see also Linehan Decl., Ex. M.) Thus, while the Court believes it is appropriate to order the parties to arbitrate the issue, it declines to impose all the terms included in Mr. Wolski's draft proposal. The parties appear to be circulating draft

ORDER-4

engagement letters.  (See Linehan Decl., Ex. N (Sargento's comments on Wolski's proposed engagement letter).)   The Court believes it would be appropriate for the parties to continue these discussions.

**Conclusion**

The Court GRANTS IN PART Sargento's motion to compel arbitration and directs the parties to submit their dispute over the Earnout to an Arbitrating Accountant.  The parties shall provide the Court with a notice of engagement of an Arbitrating Accountant within twenty (20) days of this Order.  If the parties fail to finalize terms with Mr. Wolski or another Arbitrating Accountant, the Court may select one.

The Clerk shall transmit a copy of this order to all counsel of record.

DATED this 22nd day of December, 2009.

Marsha J. Pechman
United States District Judge