The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK CALLIARI, individually and as Representative of the Former Shareholders of GCI INVESTMENTS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>SARGENTO FOODS, INC.,<br><br>Defendant/Counterclaim Plaintiff,<br><br>v.<br><br>PATRICK CALLIARI, FLORA DAMASIO, ANTOINE IOANNIDES, ANDREAS IOANNIDES, GAYLE K. GOODRICH, GILLIAN OLSON, RICHARD J. OLSON, and BETTY CROUSE,<br><br>Counterclaim Defendants | No. 2:08-CV-1111 MJP (Consolidated with 2:08-CV-1112 MJP)<br><br>JUDGMENT |

Based on the pleadings, stipulations, motions, orders and verdict returned by a jury in this matter on December 14, 2009, Final Judgment is hereby entered as follows:

1. Calliari's individual claims against Sargento for (1) breach of contract (the employment agreement); (2) breach of the duty of good faith and fair dealing;

JUDGMENT (08-CV-1111 MJP) — 1
DWT 13885403v3 0086568-000002

(3) declaratory relief; and (4) violation of RCW 49.52.050 [Dkt. No. 1], are hereby adjudicated as follows:

      a. Judgment is entered in favor of Sargento on Calliari's claims for breach of contract, breach of the duty of good faith and fair dealing, and for declaratory relief concerning said contract based on the verdict returned by the jury on December 14, 2009.

      b. Judgment is entered in favor of Sargento on Calliari's claims for double damages for violation of RCW 49.52.050 based on the Court's dismissal of such claim at the close of the evidence pursuant to F.R.Civ.P. 50(a).

2. The Shareholders' claims against Sargento for (1) breach of contract (the Stock Purchase Agreement); (2) breach of the duty of good faith and fair dealing; and (3) declaratory judgment [Dkt No. 1 under cause no. 2:08-cv-1112MJP], are hereby adjudicated as follows:

      a. Judgment is entered in favor of Sargento on the Shareholders' claims based on the verdict returned by the jury on December 14, 2009.

3. Sargento Foods, Inc.'s counterclaims against Calliari and the Shareholders for (1) breach of contract (warranty); (2) promissory estoppel; (3) misrepresentation; (4) declaratory judgment; (5) breach of employment agreement by Calliari; and (6) conversion by Calliari [Dkt No. 29], are hereby adjudicated as set forth herein:

     a.  Judgment is entered in favor the Shareholders on Sargento's claim for breach of contract for the reasons set forth in the Court's Order on Motions for Partial Summary Judgment [Dkt. No. 21 under cause no. 2:08-cv-1112MJP] (the "Summary Judgment Order"). Any contract claims not dismissed by such order were either voluntarily dismissed by Sargento, settled or abandoned.

     b.  Judgment is entered in favor of the Shareholders on Sargento's claim for promissory estoppel for the reasons set forth in the Summary Judgment Order.

     c.  Judgment is entered in favor of the Shareholders on Sargento's claim for misrepresentation for the reasons set forth in the Summary Judgment Order.

     d.  Sargento's request for declaratory relief is subsumed in the jury's verdict and is deemed adjudicated in the resulting judgment on such verdict.

     e.  Judgment is entered in favor of Calliari on Sargento's claim for breach of employment agreement. Sargento abandoned all claims of breach with the exception of its claim for return of Calliari's "bonus," a claim which was dismissed by the Court at the close of the evidence pursuant to F.R.Civ.P. 50(a).

      f.    Judgment is entered in favor of Calliari on Sargento's claim for conversion, Sargento having abandoned the claim prior to trial.

4.    Based on the dismissal of Sargento's claims for breach of contract:

      a.    The Shareholders shall be and hereby are entitled to disbursement of the funds held in escrow under the terms of the parties' Stock Purchase Agreement, less the sum of $101,781.29, which is an agreed offset to the funds held in escrow.

5.    As set forth in the Pretrial Order in this matter [Dkt. 124], unless otherwise resolved by this judgment, all disputes concerning whether the Shareholders are entitled to receive a Contingent Payment and the amount of such Contingent Payment, if any, are to be determined by the Arbitrating Accountant as set forth in the Stock Purchase Agreement.

6.    The Court retains jurisdiction over this matter solely for purposes of enforcing its previous orders concerning arbitration in a manner consistent with the Federal Arbitration Act, 9 U.S.C. 1 et seq., the Stock Purchase Agreement, and applicable law.

Dated this 16th day of April, 2010.

Marsha J. Pechman
United States District Judge