Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK CALLIARI, individually and as Representative of the Former Shareholders of GCI Investments, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> SARGENTO FOODS, INC., <br><br> Defendant/Counterclaim Plaintiff, <br><br> v. <br><br> PATRICK CALLIARI, et al., <br><br> Counterclaim Defendants. | Case No. C08-1111MJP <br><br> **ORDER ON PLAINTIFFS' RULE 50 MOTION AND MOTION TO RETAX COSTS** |

This matter comes before the Court on Plaintiffs' Rule 50 motion for entry of judgment as a matter of law or, in the alternative, for a new trial (Dkt. No. 171) and Plaintiffs' motion to retax costs (Dkt. No. 183.) The Court has considered the motions, the responses (Dkt. Nos. 176, 184), the replies (Dkt. Nos. 180, 185), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES both motions.

**Background**

The Court and the parties are familiar with the background in this matter, so the Court will not recite the full procedural and factual history here. On December 14, 2009, a jury

ORDER-1

returned a verdict in Defendant Sargento's favor, finding that Sargento did not materially breach either the Stock Purchase Agreement ("SPA") or the Employment Agreement ("EA") by interfering with Mr. Calliari's "operational control." (Dkt. No. 147.) During the trial, the Court denied Plaintiff's motion for judgment as a matter of law on the issue. (See Dkt. No. 134; Goldfarb Decl., Ex. A (p. 232).) After judgment was entered, Plaintiff Calliari and the other Shareholders filed this timely motion pursuant to Rules 50 and 59.

Mr. Calliari's EA provides:

> [Calliari] shall serve as the President—Portionables Division of [Sargento] and will, under the direction of the Corporation's President and Chief Executive Officer, use his reasonable best efforts to perform his duties as assigned by the President and Chief Executive Officer . . . Until the Contingent Payment Due Date under the Purchase Agreement, [Calliari] . . . shall have operational control of Portionables' business, subject to the limitations in the Purchase Agreement.

(Pl.'s Ex. 2.) The SPA states that, "[Portionables] will be operated in a manner consistent with past practice and under the operational control of [Calliari], subject to specific agreements to the contrary contained in this Section and elsewhere in this Agreement." (Pl.'s Ex. 3.) If, prior to the contingent payment due date, Sargento improperly usurped Calliari's operational control, the Shareholders would be entitled to a presumption that they "would have earned the maximum Contingent Payment." (Id.) Neither contract defines "operational control."

**Discussion**

I.    <u>Motion for Judgment as a Matter of Law and Motion for a New Trial</u>

"If a court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on the issue." Fed. R. Civ. P. 50(a). The Shareholders seek judgment as a matter of law on their breach of contract claims and Calliari seeks judgment

as a matter of law on his claim for wrongful withholding of wages under RCW 49.52.070. (Dkt. No. 171 at 2.)

      a. <u>Breach of Contract Claims</u>

In the context of contractual interpretation, judgment as a matter of law is appropriate "if the parties' written contract, viewed in light of the parties' other objective manifestations, has only one reasonable meaning." <u>Go2Net, Inc. v. C I Host, Inc.</u>, 115 Wn. App. 73, 85 (2003) (citations omitted). Plaintiffs submit the contracts are unambiguous because, prior to the contingent payment due date, the only limits to Mr. Calliari's operational control were set forth in Section 1.6(b) of the SPA. (Dkt. No. 171 at 3.) The very provision of the EA that provides Calliari with operational control, however, demonstrates the interpretation is not as straightforward as Plaintiffs suggest.

Mr. Calliari was required to "use his reasonable best efforts to perform his duties as assigned by the President and Chief Executive Officer" of Sargento. (EA § 3.) Likewise, "[t]hroughout the Employment Period, [Calliari] shall have duties, responsibilities and obligations that are <u>not inconsistent with that of a division president</u> and/or executive officer of [Sargento], except where his position prior to the Contingent Payment Due Date as Portionables' President might result in greater duties and responsibilities." (<u>Id.</u> (emphasis supplied)) Further, the SPA recognizes that Portionables would be operated to ensure the company's "long term profitable growth." (SPA, Ex. 1.5(b)(i).) Plaintiffs' suggestion that the contracts unambiguously limit Sargento's oversight power to those actions outlined in Section 1.6(b) is thus at odds with the plain language of the contracts. The Court recognized as much when ruling on the original Rule 50(a) motion:

> It appears to me that I've got two competing definitions: One, that operational control is subject to the limitations on the division head; or, second, that the operational control is limited only by the six bullet points in [Section 1.6(b)].

ORDER- 3

1  (Goldfarb Decl., Ex. D at 218.)  The Court properly admitted extrinsic evidence because
2  "operational control" is ambiguous as presented in the written contracts.  Based on the evidence
3  at trial, including the various prefatory adjectives used to modify the term during the negotiations
4  and the parties' post-execution conduct, it was appropriate for the jury to resolve the issue over
5  the parties' intent regarding operational control.  Plaintiffs are not entitled to judgment as a
6  matter of law on the issue.

      b.  RCW 49.52.070

To prevail on a claim for wrongful withholding of wages under RCW 49.52.070, a party must demonstrate a defendant withheld wages "willfully and with intent to deprive" the plaintiff. See RCW 49.52.050.  Nonpayment is willful when it is "not the result of a bona fide dispute as to the obligation of payment."  Chelan County Deputy Sheriffs' Ass'n v. Chelan County, 109 Wn.2d 282, 300 (1987).  During trial, the Court granted Sargento's motion for judgment as a matter of law on this issue because it found there was a bona fide disagreement over the interpretation of the EA and SPA.  Plaintiffs' only basis for their present motion on this claim is that the EA and SPA are unambiguous about the meaning of operational control.  (Dkt. No. 171 at 12.)  Just as the Court rejects this argument in the context of the contract claims, it finds no reason to revisit its prior ruling on the wage withholding claim.  Plaintiffs are not entitled to judgment as a matter of law on their RCW 49.52.070 claim.

      c.  New Trial

Plaintiffs move for a new trial arguing (1) the Court should not have allowed extrinsic evidence regarding the meaning of "operational control," (2) it should have instructed the jury that operational control was defined only by Section 1.6(b) of the SPA, and (3) the verdict was against the weight of the evidence.  (Dkt. No. 171 at 12-13.)  As set forth above, Plaintiffs' interpretation of "operational control" as unambiguously defined by the terms of Section 1.6(b)

ORDER-4

is at odds with the terms of the contracts and the evidence presented at trial.  Plaintiffs have not carried their burden to merit a new trial.

II.     Motion to Retax Costs

The Shareholders move, pursuant to Local Rule 54(d)(4), for the Court to retax costs and require each party to bear its own costs.  (Dkt. No. 183.)  As both parties recognize, the Court has the discretion to apportion or deny costs where there is a mixed judgment.  See 10 Charles A Wright, Arthur R. Miller & Mary Kane, Federal Practice and Procedure § 2668; see also Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment . . . it is within the discretion of a district court to require each party to bear its own costs.").  Here, Sargento properly submitted its bill costs.  (See Dkt. No. 174.)  The Shareholders' decision not to pursue costs for the claims on which they prevailed does not require this Court to decline Sargento's request for costs.  The Court denies the Shareholders' motion to retax costs.

**Conclusion**

Plaintiffs' motion for judgment as a matter of law is DENIED as is their request for a new trial. The Court further DENIES Plaintiffs' motion to retax the costs.  The Clerk shall transmit a copy of this Order to all counsel of record.

DATED this 19th day of August, 2010.

_____
Marsha J. Pechman
United States District Judge

ORDER-5